# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| CURTIS E. CRAWFORD,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0093 |
| ) | |
| CHARLES T. FELTS, Warden, ) | |
| FCI Beckley, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendants' Motion to Dismiss or In the Alternative Motion for Summary Judgment (Document No. 25.), filed on June 22, 2006. The Court notified Plaintiff Crawford pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff Crawford had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving for summary judgment. (Document No. 32.) Plaintiff Crawford has failed to file a Response to Defendants' Motion. Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff Crawford did not exhaust administrative remedies with respect to his claims in this matter and therefore hereby respectfully recommends that this matter be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

On February 7, 2006, Plaintiffs Robert Baldwin, Luther Necessary, and Curtis E. Crawford, inmates at FCI Beckley in Beaver, West Virginia, and acting *pro se,* filed a Motion for Emergency

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 29, 2006.

Injunction and Restrainment Order.[2] (Document No. 1.) Plaintiffs claim that Defendants are deliberately indifferent to their serious medical needs insofar as Defendants are not providing adequate dental care and dentures. Plaintiffs request that the Court enjoin or restrain Defendants from doing so. The Court found that Plaintiffs were essentially claiming that Defendants violated their constitutional rights under the Eighth Amendment of the United States Constitution and therefore were seeking relief pursuant to <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Each of the Plaintiffs filed a Motion to Proceed Without Prepayment of Fees and Authorization to Release Institutional Account Information. (Document Nos. 2 and 4 - 8.) On March 31, 2006, the undersigned entered an Order Returning Deficient *in forma pauperis* Applications. (Document No. 9.) Plaintiffs Curtis E. Crawford and Robert Baldwin subsequently submitted further Applications to Proceed Without Prepayment of Fees as required by the Court's Order. (Document Nos. 10 - 12.) On April 17, 2006, the undersigned granted Plaintiff Crawford's and Plaintiff Baldwin's Applications to Proceed Without Prepayment of Fees. (Document No. 15.)

On April 17, 2006, Plaintiff Necessary filed a letter addressed to the Clerk of the Court stating that he "would like to discontinue case 5:06-0093" because he "has settled it with the institution." (Document No. 14.) By Proposed Findings and Recommendation entered on April 18, 2006, the undersigned recommended that the District Court dismiss Luther Necessary as a Plaintiff from the instant civil action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Document No. 16.) On April 20, 2006, Plaintiff Baldwin filed a similar letter addressed to the Clerk of the Court

---

[2] Because Plaintiffs are acting *pro se*, the documents which they have filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

stating that he has "resolved this matter within the institution and no longer wish[es] to proceed with this case." (Document No. 19. By Proposed Findings and Recommendation entered on May 22, 2006, the undersigned recommended that the District Court dismiss Robert Baldwin as a Plaintiff from the instant civil action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Document No. 23.)

On June 22, 2006, Defendants filed their Motion to Dismiss or in the Alternative Motion for Summary Judgment.[3] (Document No. 25.) Defendants argue that the motion should be granted based on the following: (1) Plaintiff Crawford failed to fully exhaust his administrative remedies; (2) Plaintiff Crawford's request for injunctive relief should be denied because Plaintiff is not likely to suffer irreparable harm, injunctive relief will cause harm to others, it is not likely that Plaintiff will succeed on the merits, and the public interest will not be served by granting a preliminary injunction; and (3) The Prison Litigation Reform Act precludes injunctive relief where there is no finding of a violation of a constitutional right. In support of their Motion, Defendants filed the Declarations of Sharon Wahl and Dr. Stephen Hughes[4]. (Document Nos. 25-1 and 25-2.)

---

[3] Federal Rule of Civil Procedure 12(d) provides that

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

[4] Dr. Hughes declares as follows concerning his treatment of Plaintiff Crawford:

3. On September 8, 2005, I instructed Inmate Crawford on how to access routine and emergency dental care.
4. On September 15, 2005, Inmate Crawford reported to the dental clinic complaining of a broken filling. He stated he had no pain, just rough points on his upper front tooth.
5. I applied restorations (filling) to the tooth. No problems were noted.

By Memorandum Opinion and Order filed on July 6, 2006, the District Court dismissed Luther Necessary and Robert Baldwin as plaintiffs. (Document No. 27.) On July 14, 2006, Plaintiff Crawford filed a Motion for Reconsideration of the District Court's Order dated July 6, 2006 (Document No. 28.), Motion for Appointment of Counsel (Document No. 29.), and Motion for Discovery and Inspection of Medical Records (Document No. 30.). On August 8, 2006, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff Crawford, advising him of his right to file a response to the Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Document No. 32.) By Order dated August 9, 2006, the undersigned denied Plaintiff Crawford's Motion for Reconsideration, Motion for Appointment of Counsel, and Motion for Inspection of Record. (Document No. 33.) On August 11, 2006, Plaintiff Crawford filed a Motion for Reconsideration of Order dated August 8, 2006, claiming that document pertaining to issues raised in this action were confiscated. (Document No. 34.) On August 16, 2006, Plaintiff filed a Motion to Stay Court Order dated August 9, 2006, arguing that the Court erred in not considering this matter as a class action and dismissing Mr. Necessary and Mr. Baldwin as plaintiffs. (Document No. 35.) By Order entered on August 17, 2006, the undersigned denied Plaintiff Crawford's Motion for Reconsideration and Motion to Stay. (Document No. 36.) The undersigned found that Plaintiff's Motion for Reconsideration was denied because "Plaintiff had sufficient

---

6. Inmate Crawford returned to the dental clinic on October 31, 2005, requesting a partial. He indicated he was not in any pain. I explained to Inmate Crawford the process of obtaining partials and he was placed on a waiting list.
7. On December 6, 2005, Inmate Crawford return to the dental clinic complaining of a hole in his right lower tooth. I applied restorations to the tooth. No problems were noted.
8. Inmate Crawford was seen for a regular cleaning on January 4, 2006.
9. Inmate Crawford has not reported to the dental clinic since January 4, 2006.

(Document No. 25-2.)

information through the documents which Defendants attached to their Motion to dispute the Defendants' claims." (Id., p. 2.) The Court, therefore, informed Plaintiff Crawford that he was expected to file any response to Defendants' Motion by August 28, 2006. (Id.) The undersigned denied Plaintiff Crawford's Motion to Stay finding that "it is well-recognized that a *pro se* plaintiff lacking any formal training in the law will not be permitted to represent a class." (Id.) On August 23, 2006, Plaintiff filed his Objections to Court Order Dated August 17, 2006, arguing that (1) the Court's findings that Plaintiff has possession of pertinent documents is without foundation, (2) the Court's refusal to certify the case as a class action is error, and (3) the Court should grant Plaintiff an enlargement of time to file a response to Defendants' Motion. (Document No. 37.) Plaintiff Crawford failed to file a Response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

## THE STANDARD

**Motion to Dismiss Under Rule 12(b)(6).**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could

be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**Summary Judgment.**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the

claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## **DISCUSSION**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[5] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available"

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims she raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196

F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

9

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the

administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In the instant case, Defendants submit the Declaration of Ms. Sharon Wahl in support of their claim that Plaintiff Crawford has filed to fully exhaust his administrative remedies. (Document No. 25-1.) Ms. Wahl, the Legal Instruments Examiner for the Consolidated Legal Center located at FCI Beckley, states that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id., ¶¶ 1 - 2.) Ms. Wahl explains that she also has access to inmates' central files and medical records. (Id., ¶ 2.) Ms. Wahl states as follows in her Declaration:

6. A review of Inmate Crawford's administrative remedy history shows he has filed administrative remedies on numerous occasions. Inmate Crawford failed, however, to fully exhaust any dental claims.

7. Inmate Crawford filed a sensitive administrative remedy regarding dental care with the North East Regional Office in February, 2006 (Remedy Request No. 402311-R1.) The administrative remedy was rejected as it was filed with the wrong region, at the wrong level, and because it was not sensitive. Inmate Crawford was directed to re-file his administrative remedy with the Mid-Atlantic Regional Office. Rather than filing the administrative remedy appropriately, Inmate Crawford filed the administrative remedy with the Central Office (Remedy No. 402311-A1). The Central Office concurred with the North East Regional Office's rejection and the administrative remedy was again rejected. Inmate Crawford did not re-file the administrative remedy.[6]

---

[6] Ms. Wahl explains the filing of an administrative remedy involving sensitive issues as follows: "If an inmate believes an issue is sensitive in nature the inmate may file the administrative remedy directly with the Regional Office. If the issue is deemed to be sensitive by the Regional

(Id., ¶¶ 6 - 7.) Plaintiff Crawford has not filed a response disputing that he failed to fully exhaust his administrative remedies. Further, there is no indication or allegation that Plaintiff Crawford was prevented from exhausting his administrative remedies. Based on the foregoing, it is clear that Plaintiff failed to fully exhaust his administrative remedies respecting his claims of inadequate dental care. The undersigned finds in view of the United States Supreme Court's decision in Woodford v. Ngo that exhaustion of administrative remedies is required before a Bivens action may be commenced in the District Court. Because Plaintiff Crawford failed to exhaust administrative remedies with respect to his claims in this matter, the undersigned concludes, and hereby respectfully recommends, that this matter should be dismissed. It is not necessary to address the other reasons which Defendants assert for dismissing this case.[7]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Document No. 25.), **DISMISS** Plaintiff Crawford's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and

---

Office, the administrative remedy is accepted. If the issue is not sensitive in nature, the administrative remedy is returned to the inmate and the inmate is instructed to file the administrative remedy at the institutional level." (Document No. 25-1, ¶ 9.)

[7] The undersigned further notes that Plaintiff Crawford's request for injunctive relief is render moot by his release from custody.

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: December 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge